

**Stradley Ronon Stevens & Young, LLP**
457 Haddonfield Road
Suite 100
Cherry Hill, NJ 08002-2223
Telephone (856) 321-2400
Fax (856) 321-2415
www.stradley.com

Eric M. Hurwitz
856-321-2406
TBrodowski@stradley.com

February 27, 2014

**VIA HAND DELIVERY**

Michael E. Kunz, Clerk
United States District Court
Eastern District of Pennsylvania
601 Market Street – Room 2609
Philadelphia, PA  19106

    Re:  **Brian Patrick v. Exeter Finance Corp.**

Dear Mr. Kunz:

    On behalf of Defendant Exeter Finance Corp., enclosed is an original and one copy of the Notice of Removal in the above-referenced matter, along with the Civil Action Coversheet, Designation Form (2), Defendant's Rule 7.1 Disclosure Statement (2) and Case Management Track Designation Form to be filed with your office.  I have enclosed a CD which contains these documents in PDF format.   Enclosed is a check in the amount of $400.00 to cover the cost of filing.  Also enclosed is a PDF copy of these documents along with an extra copy of each document to be time-stamped and returned in the self-addressed, stamped envelope which I have provided.

       Very truly yours,

       Eric M. Hurwitz

EMH:sj
Encl.

Cc:  Vicki Piontek, Esquire (w/encl. via Electronic Mail and U.S. Mail)

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Brian Patrick

**DEFENDANTS**
Exeter Finance Corp.

**(b)** County of Residence of First Listed Plaintiff   Gloucester County, NJ
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Dallas County, Texas
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Vicki Piontek, Esquire
951 Allentown Road
Lansdale, PA 19446

Attorneys *(If Known)*
Eric M. Hurwitz, Esquire
Stradley Ronon Stevens & Young, LLP
2600 One Commerce Square
Philadelphia, PA 19103
215-564-8000

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* | |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* | |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
47 U.S.C. 227 et seq. and 15 U.S.C. 1692 et seq.
Brief description of cause:
Violation of Telephone Consumer Protection Act and Fair Debt Collection Practices Act.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $  6,401.00

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____   DOCKET NUMBER _____

DATE
02/27/2014

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

JS 44 Reverse (Rev. 12/12)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I. (a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.)**

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V. **Origin.** Place an "X" in one of the six boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

VII. **Requested In Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

## UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 309 Hukley Court, Williamstown, New Jersey 08094

Address of Defendant: 222 West Las Colinas Boulevard, Irving, Texas 75039

Place of Accident, Incident or Transaction: Allegations involve phone call made to New Jersey based number
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))      Yes☐  No☑

Does this case involve multidistrict litigation possibilities?      Yes☐  No☑
*RELATED CASE, IF ANY:*
Case Number: _____  Judge _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?      Yes☐  No☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?      Yes☐  No☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?      Yes☐  No☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?      Yes☐  No☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) Telephone Consumer Protection Act 47 U.S.C. Section 227 et seq. and
    Fair Debt Collection Practices Act 15 U.S.C. Section 1692 et seq.

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

### ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, _____, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: _____   _____   _____
                          Attorney-at-Law          Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 2/27/14   _____   84251
                 Attorney-at-Law    Attorney I.D.#

CIV. 609 (5/2012)

## UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 309 Hukley Court, Williamstown, New Jersey 08094

Address of Defendant: 222 West Las Colinas Boulevard, Irving, Texas 75039

Place of Accident, Incident or Transaction: Allegations involve phone call made to New Jersey based number
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐  No☒

Does this case involve multidistrict litigation possibilities?    Yes☐  No☒
RELATED CASE, IF ANY:
Case Number: _____   Judge _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. Federal Question Cases:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
     (Please specify) Telephone Consumer Protection Act 47 U.S.C. Section 227 et seq. and
     Fair Debt Collection Practices Act 15 U.S.C. Section 1692 et seq.

B. Diversity Jurisdiction Cases:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
     (Please specify) _____

### ARBITRATION CERTIFICATION
(Check Appropriate Category)

I, _____, counsel of record do hereby certify:
☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: _____    _____    _____
                          Attorney-at-Law         Attorney I.D.#
NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 2/27/14    _____    84251
                 Attorney-at-Law         Attorney I.D.#

CIV. 609 (5/2012)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Brian Patrick | : | CIVIL ACTION |
| v. | : | |
| Exeter Finance Corp. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                        ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)                                                           ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (x )

| | | |
|---|---|---|
| February 27, 2014 | _[signature]_ | Exeter Finance Corp. |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-564-8000 | 215-564-8120 | EHurwitz@stradley.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

APPENDIX G

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

BRIAN PATRICK
      V.
          :    Civil Action
          :    No: _____
EXETER FINANCE CORP.

## DISCLOSURE STATEMENT FORM

Please check one box:

☒     The nongovernmental corporate party, Exeter Finance Corp._____
      , in the above listed civil action does not have any parent corporation and
      publicly held corporation that owns 10% or more of its stock.

❑     The nongovernmental corporate party, _____
      , in the above listed civil action has the following parent corporation(s) and
      publicly held corporation(s) that owns 10% or more of its stock:

_____
_____
_____
_____

February 27, 2014
_____      _____
   Date                Signature

       Counsel for: \_\_Exeter Finance Corp._____

**Federal Rule of Civil Procedure 7.1 Disclosure Statement**
   (a)   WHO MUST FILE; CONTENTS.  A nongovernmental corporate party must file
      two copies of a disclosure statement that:
      (1)   identifies any parent corporation and any publicly held corporation
        owning10% or more of its stock;  or

      (2)   states that there is no such corporation.

   (b) TIME TO FILE; SUPPLEMENTAL FILING.  A party must:
      (1)   file the disclosure statement with its first appearance, pleading,
        petition, motion, response, or other request addressed to the court;
        and
      (2)   promptly file a supplemental statement if any required information
        changes.

APPENDIX G

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

BRIAN PATRICK                        :
                V.                   :            Civil Action
                                     :            No: _____
EXETER FINANCE CORP.                 :

DISCLOSURE STATEMENT FORM

Please check one box:

☒        The nongovernmental corporate party, Exeter Finance Corp._____
         , in the above listed civil action does not have any parent corporation and
         publicly held corporation that owns 10% or more of its stock.

☐        The nongovernmental corporate party, _____
         , in the above listed civil action has the following parent corporation(s) and
         publicly held corporation(s) that owns 10% or more of its stock:

         _____
         _____
         _____
         _____

February 27, 2014
_____              _____
        Date                                    Signature

                 Counsel for:   __Exeter Finance Corp._____

**Federal Rule of Civil Procedure 7.1 Disclosure Statement**
    (a)    WHO MUST FILE; CONTENTS.   A nongovernmental corporate party must file
           two copies of a disclosure statement that:
           (1)    identifies any parent corporation and any publicly held corporation
                  owning 10% or more of its stock;  or

           (2)    states that there is no such corporation.

    (b) TIME TO FILE; SUPPLEMENTAL FILING.  A party must:
           (1)    file the disclosure statement with its first appearance, pleading,
                  petition, motion, response, or other request addressed to the court;
                  and
           (2)    promptly file a supplemental statement if any required information
                  changes.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BRIAN PATRICK,

          Plaintiff,

      v.

EXETER FINANCE CORP.,

          Defendant.

Civil Action No. _____

## NOTICE OF REMOVAL

        Pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, Defendant, Exeter Finance Corp. ("Exeter"), hereby files this Notice of Removal to remove the above-captioned civil action from the Court of Common Pleas, Bucks County, Pennsylvania, Case No. 2013-09980 (the "State Court Action"), to the United States District Court for the Eastern District of Pennsylvania.  In support of this Notice of Removal, Exeter states the following:

## THE REMOVED CASE

        1.      Plaintiff, Brian Patrick ("Plaintiff") initiated the State Court Action by filing a Complaint (the "Complaint") on January 14, 2014, in the Court of Common Pleas of Bucks County, Pennsylvania.

        2.      In the Complaint, Plaintiff alleges that Exeter violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA"), in addition to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), by using an "automatic telephone dialing system" to call Plaintiff's cell phone in an attempt to purportedly collect the debt of another individual, without Plaintiff's consent.  (Complaint at ¶¶ 1, 21, 23-30.)

3.     Plaintiff's Complaint seeks damages in the amount of $6,401.00, which consists of actual damages, statutory damages under the TCPA, and the claimed right to recover attorneys' fees.

## PAPERS FROM THE REMOVED ACTION

4.     Pursuant to Title 28 U.S.C. § 1446(a), a copy of the Summons and Complaint, which is the only filing in the State Court Action, is attached hereto as Exhibit 1.

## THE REMOVAL IS TIMELY

5.     Exeter was served with the Summons and Complaint in this matter on January 27, 2014.  This Notice of Removal is filed within thirty (30) days of receipt of the Summons and Complaint.  Accordingly, this Notice of Removal is timely filed under Title 28 U.S.C. § 1446(b).

## VENUE IS PROPER

6.     Venue is proper in this Court because it is the "district court of the United States for the district and division embracing the place where [the State Court Action] is pending."  28 U.S.C. § 1441(a).  The State Court Action is pending in the Bucks County Court of Common Pleas, which is located within the Eastern District of Pennsylvania.

## DIVERSITY OF CITIZENSHIP EXISTS BETWEEN THE PARTIES

7.     Plaintiff, Brian Patrick, resides at 309 Hukley Court, Williamstown, New Jersey 08094.  Therefore, Plaintiff is a citizen of the State of New Jersey for purposes of diversity jurisdiction.

8.     Defendant, Exeter Finance Corp. is an automobile finance company incorporated under the laws of the State of Texas and with a principal place of business located

2

at 222 West Las Colinas Boulevard, Irving, Texas 75039. As such, Exeter is a citizen of Texas

for the purposes of diversity jurisdiction. See 28 U.S.C. §1332(c)(1).

        9.     Accordingly, Plaintiff and Exeter are citizens of different states as set forth

above, and the parties are diverse for purposes of jurisdiction under 28 U.S.C. §1332.

        10.    Therefore, the Court has subject matter jurisdiction pursuant to 28 U.S.C.

§1332

## THIS COURT ALSO HAS FEDERAL QUESTION JURISDICTION

        11.    The United States Supreme Court has explicitly recognized that federal

district courts have jurisdiction over cases in which a plaintiff asserts a TCPA claim and that

defendants are "free to remove those cases to federal court under 28 U.S.C. § 1441." Mims v.

Arrow Financial Services LLC, 132 S. Ct. 740, 753 (U.S. 2012).

        12.    Further, although the Complaint is less than clear, it also appears that

Plaintiff is asserting a claim based on the FDCPA, 15 U.S.C. § 1692 et seq., which is also a

federal statute.

        13.    Therefore, because it is clear on the face of Plaintiff's Complaint that

Plaintiff is asserting a claim under the TCPA, and may also be asserting a claim under the

FDCPA, federal question jurisdiction exists and this Court has subject matter jurisdiction

pursuant to 28 U.S.C. § 1331.

## FILING OF REMOVAL PAPERS

        14.    Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice

of Removal will be promptly filed with the Court of Common Pleas of Bucks County,

Pennsylvania, and served on Plaintiff. A copy of the Notice of Filing of Notice of Removal

(without exhibits) is attached as Exhibit 2.

3

15.     In filing this Notice of Removal, Exeter reserves any and all defenses, objections, and exceptions, including without limitation those relating to jurisdiction, service, venue, and statute of limitations, and further reserves the right to see dismissal of the action.

WHEREFORE, notice is given that the State Court Action is removed from the Court of Common Pleas of Bucks County, Pennsylvania, to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

Andrew K. Stutzman (PA Atty. No. 72922)
Eric M. Hurwitz (PA Atty. No. 84251)
Thomas M. Brodowski (PA Atty. No. 207377)
Stradley Ronon Stevens & Young, LLP
2600 One Commerce Square
Philadelphia, PA 19103
(215) 564-8000

*Attorneys for Defendant*
*Exeter Finance Corp.*

Date:  February 27, 2014

4

## CERTIFICATE OF SERVICE

I, Eric M. Hurwitz, hereby certify that on February 27, 2014, the foregoing Notice

of Removal and accompanying exhibits were served via Electronic Mail and First Class U.S.

Mail, postage pre-paid, upon the following:

Vicki Piontek, Esq.
951 Allentown Road
Lansdale, PA 19446
vicki.piontek@gmail.com

*Attorney for Plaintiff,*
*Brian Patrick*

_____
Eric M. Hurwitz

Date:  February 27, 2014

# EXHIBIT 1

IN THE COURT OF COMMON PLEAS
OF BUCKS COUNTY, PENNSYLVANIA

Brian Patrick                           :
309 Hukley Court                        :
Williamstown, NJ  08094                 :        CIVIL ACTION-LAW
                          Plaintiff     :
                                        :
v.                                      :        Jury Trial Demanded
Exeter Finance Corp.                    :
222 LAS COLINAS BLVD W.                 :
IRVING TX 75039                         :        2013-09980
and                                     :
XYZ Corporations                        :
                     Defendant(s)  :

### NOTICE

YOU HAVE BEEN SUED IN COURT.  IF YOU WISH TO DEFEND AGAINST THE CLAIMS SET FORTH IN THE FOLLOWING PAGES, YOU MUST TAKE ACTION WITHIN TWENTY (20) DAYS AFTER THE COMPLAINT AND NOTICE ARE SERVED BY ENTERING A WRITTEN APPEARANCE PERSONALLY OR BY ATTORNEY AND FILING IN WRITING WITH THE COURT YOUR DEFENSES OR OBJECTIONS TO THE CLAIMS SET FORTH AGAINST YOU.  YOU ARE WARNED THAT IF YOU FAIL TO DO SO THE CASE MAY PROCEED WITHOUT YOU AND A JUDGMENT MAY BE ENTERED AGAINST YOU BY THE COURT WITHOUT FURTHER NOTICE FOR ANY MONEY CLAIMED OR FOR ANY OTHER CLAIM OR RELIEF REQUESTED BY THE DEFENDANT.  YOU MAY LOSE MONEY OR PROPERTY OR OTHER RIGHTS IMPORTANT TO YOU.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

Legal Aid of Southeastern PA for Bucks County          Bucks County Legal Aid Society
1290 Veterans Hwy, Box 809, Bristol, PA 19007          100 Union St, Doylestown, PA 18901
215-781-1111                                           (215) 340-1818

Bucks County Bar Association
135 E. State St., P.O. Box 300
Doylestown, PA 18901
215-348-9413



Case Number: 2013-09980                          3
Receipt:    Z1031024            Judge:36
Code: 46                    Filing: 10445941
Patricia Bachtle - Bucks Co Prothonotary
B09         1/14/2014 8:52:36 AM

IN THE COURT OF COMMON PLEAS
OF BUCKS COUNTY, PENNSYLVANIA

Brian Patrick        :
309 Hukley Court       :
Williamstown, NJ  08094     :   CIVIL ACTION-LAW
        Plaintiff :
v.            :   Jury Trial Demanded
Exeter Finance Corp.      :
222 LAS COLINAS BLVD W.   :
IRVING TX 75039      :   2013-09980
and           :
XYZ Corporations       :
      Defendant(s) :

## **COMPLAINT**

1. This is a lawsuit for damages brought by an individual consumer for Defendant(s)'
   alleged violations of the Telephone Consumer Protection Act, 47 USC § 227 et. seq.
   (hereinafter "TCPA"), as well as for Defendant(s) alleged violations of the Fair Debt
   Collection Practices Act, 15 U.S.C. 1692, et seq. (hereinafter "FDCPA").

2. Venue is proper in this jurisdiction because Defendant(s) regularly transact(s)
   business throughout this jurisdiction.

3. Defendant obtains the benefit(s) of regularly transacting business in this
   jurisdiction.

4. A substantially portion of the conduct complained of occurred in this jurisdiction.

5. One or more key witnesses resides in this jurisdiction.

**PARTIES**

6.  All previous paragraphs of this complaint are incorporated by reference.

7.  Plaintiff is Brian Patrick, an adult individual, with a current address of 309 Hukley Court, Williamstown, NJ  08094.

8.  Defendant is Exeter Finance Corp., a business engaged in consumer debt collection with a  place of business located at 222 LAS COLINAS BLVD W., IRVING TX 75039.

9.  Defendants may include X,Y,Z Corporations, business entities whose names and identities are not known to Plaintiff at this time, or whose liability is not know, but which may become known to Plaintiff following discovery.  It is believed and averred that such entities played a substantial role in the commission of the acts described in this Complaint.

## COUNT ONE:  VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT (TCPA) 47 USC § 227 ET. SEQ.

10. The previous paragraphs are incorporated by reference and made a part of this complaint.

11. In 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. § 227 (TCPA), in response to a growing number of consumer complaints regarding certain telemarketing practices.

12. The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers." Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.

13. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

14. On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded message calls to a wireless number by a creditor (or on behalf of a creditor) are permitted only if the calls are made with the "prior express consent" of the called party. The FCC "emphasize[d] that prior express consent is deemed to be granted.

15. At all times relevant, Plaintiff was a "person" as defined by 47 U.S.C. § 153(10).

16. Prior to the commencement of this action, Plaintiff's friend Lou Yanczak engaged in a consumer credit transaction which was the subject of Defendant's collection activity.

17. Plaintiff's friend's account went into collections, and the account was referred to Defendant(s) for the purpose of collection.

18. The account which pertained to Plaintiff's friend was a consumer account because the account was for person, household or family purposes.

19. At no time did Plaintiff furnish Defendant with Plaintiff's cell phone number.

20. At no time did Plaintiff provide the original alleged creditor for the account that was the subject of Defendant's collection activity with Plaintiff's cell phone number.

21. At no time did Plaintiff consent to receive calls on his cell phone from Defendant with and automatic telephone dialing system.

22. On various occasions within the applicable statute of limitations prior to the commencement of this action, Defendant contacted Plaintiff on Plaintiff's cellular telephone.

23. It is believed and averred that several of the telephone calls by Defendant to Plaintiff on Plaintiff's cellular telephone occurred via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), and all calls that are the subject of this Complaint occurred within four years of the filing of this Complaint.

24. It is believed and averred that one or more of the telephone calls placed by Defendant to Plaintiff's cellular telephone were made using an "automatic telephone dialing system," as defined by 47 U.S.C. § 227 et. seq.

25. Such automated calls were made by Defendant(s) to Plaintiff's cellular telephone service as defined in 47 U.S.C. § 227(b)(1)(A)(iii).

26. Plaintiff did not provide "express consent" to receive automated telephone calls on Plaintiff's cellular telephone.

27. The calls that were made by Defendant(s) to Plaintiff's cellular telephone were not made for emergency purposes.

28. Defendant's telephone calls to Plaintiff's cellular phone utilizing an "automatic telephone dialing system" for non-emergency purposes and in the absence of Plaintiff's prior express consent violated 47 U.S.C. § 227(b)(1)(A).

29. Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Defendant to demonstrate that Plaintiff provided express consent within the meaning of the statute.

30. Plaintiff believes and avers that Plaintiff received no less than 10 automated calls on Plaintiff's cell phone from Defendant(s), and probably more that came in, but Plaintiff was not able to document.

## LIABILITY

31. All previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

32. Defendant(s) is liable to Plaintiff(s) for the acts committed by its agents under the doctrine of respondeat superior because Defendant's agents were acting within the scope of their employment with Defendant.

33. In the alternative, Defendant(s) is liable for the conduct of its agents / employees under the theory of joint and several liability because Defendant and its agents / employees were engaged in a joint venture and were acting jointly and in concert.

34. Any mistake made by Defendant(s) would have included a mistake of law.

35. Any mistake made by Defendant (s) would not have been a reasonable bona fide mistake.

## DAMAGES

36. All previous paragraphs of this complaint are incorporated by reference and made a part of this portion of the complaint.

37. Plaintiff believes and avers that Plaintiff is entitled to at least $1.00 actual damages, including but not limited to phone, fax, stationary, postage, etc.

38. Plaintiff believes ad avers that Plaintiff is entitled to $500.00 per call that Plaintiff received from Defendant(s) in violation of TCPA.

39. Plaintiff believes and avers that there was at least 10 separate automated telephone calls to his cell phone which were made by Defendant(s), thereby warranting no less than $5,000 in statutory damages.

**40.** Plaintiff suffered emotional distress with a Dollar value to be proven at trial.

## ATTORNEY FEES

41. All previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

42. Plaintiff is entitled to reasonable attorney fees in this matter at a rate of no less than $350 per hour, or other rate that this Honorable Court deems just and fare, pursuant the fee shifting provision of TCPA and FDCPA.

43. Plaintiff's attorney fees of $1,400.00 at a rate of $350.00 per hour, are enumerated below.

| | |
|---|---|
| a.  Consultation with client and witness, drafting and review of complaint | 1 |
| b.  Drafting, editing, review, filing and service of complaint and related documents | 1 |
| c.  Follow up With Defense and client | 2 |

4 x $350 = $1,400.00

44. Plaintiff's attorney fees continue to accrue as the case move forward.

45. The above stated attorney fees include prosecution of this complaint to the date of the instant filing and reasonable follow up.

**OTHER RELIEF**

46. All previous paragraphs of this complaint are incorporated by reference and made a part of this portion of the complaint.

47. Plaintiff seeks injunctive relief barring further unlawful collection activity.

48. Plaintiff requests / demands a jury trial in this matter.

49. Plaintiff seeks fees and costs for prosecuting this action.

50. Plaintiff seeks such other relief as this Honorable Court may deem just and proper.

Wherefore, Plaintiff demands judgment against Defendant(s) in the amount of no less than $6,401.00.

$1.00 actual damages more or less for postage, stationary , fax, etc.

$5,000 statutory damages under TCPA

$1,400.00 attorney fees

―――――――――――――

$6,401.00

Plaintiff seeks such other relief as the Court deems just and fair.

Vicki Piontek          1-13-2014
Vicki Piontek, Esquire          Date
Supreme Court ID Number 83559
Attorney for Plaintiff
951 Allentown Road
Lansdale, PA  19446
877-737-8617
Fax: 866-408-6735
palaw@justice.com

IN THE COURT OF COMMON PLEAS
OF BUCKS COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| Brian Patrick | : | |
| 309 Hukley Court | : | |
| Williamstown, NJ  08094 | : | CIVIL ACTION-LAW |
| Plaintiff | : | |
| | : | Jury Trial Demanded |
| v. | : | |
| Exeter Finance Corp. | : | |
| 222 LAS COLINAS BLVD W. | : | |
| IRVING TX 75039 | : | 2013-09980 |
| and | : | |
| XYZ Corporations | : | |
| Defendant(s) | : | |

**VERIFICATION**

I, Brian Patrick, have read the attached complaint.  The facts stated in the complaint are true and

accurate to the best of my knowledge, understanding and belief.


_Brian Patrick_      _1-11-14_
Brian Patrick        Date

